**MROZYKA v CLEVELAND (city)**

Ohio Appeals, 8th Dist, Cuyahoga Co

Decided November 2, 1931

F. J. Kmiecik, Cleveland, for plaintiff in error.

E. H. Boers and Norman A. Ryan, Cleveland, for defendant in error.

VICKERY, J.

The following errors are complained of and the reasons given why this judgment of conviction should be set aside:

First: That the affidavit described the act of careless driving to have been on West 35th Street in the city of Cleveland, and it is claimed that defendant was not driving on 35th Street, and the proof I believe showed that he was driving on West 25th Street, both of which streets are in the city of Cleveland, and because of naming 35th Street instead of 25th Street, the learned counsel for the plaintiff in error thinks this cause ought to be reversed.

If one of these streets was outside the boundaries of the city of Cleveland and the other within, there might be some virtue in the contention, for in that case perhaps the variance would be fatal inasmuch as the Police Court would have no jurisdiction if the street happened to be outside the city of Cleveland; but inasmuch as both are in the City of Cleveland it was not the **street** upon which the act took place which made the offense, but the **manner in which the defendant was driving his automobile**, and that was just as offensive and just as much in violation of law whether it was on 25th Street or on 35th Street, so there is nothing in that contention.

Second: It is claimed that two offenses were charged in the affidavit, to-wit, careless driving and driving while intoxicated, and on motion to make the city elect on which count of the affidavit it was prosecuting, the court refused to grant the motion.

We think an examination of this affidavit, which is as follows,

"The State of Ohio, Cuyahoga County, City of Cleveland: In the Municipal Court of Cleveland.

Before me, Wm. Hoffman, Deputy Clerk of the Municipal Court of the City of Cleveland, personally came George Clark Det. who being duly sworn according to law, deposes and says, that on or about the 25th day of June, 1931, in the said City, one George Mrozyka being in charge of and operating a certain motor vehicle, to-wit: an automobile on West 35th Street, a public street of said city, did unlawfully operate and drive said vehicle in a careless manner and without due regard for the safety and rights of pedestrians and drivers and occupants of all other vehicles, and so as to endanger the life, limb and property of other persons while in the lawful use of said street, in this, to-wit; while operating said vehicle north in said street, he, the said George Mrozyka, carelessly failed to keep said vehicle under proper control and struck and damaged an auto lawfully proceeding north in said street, the said George Mrozyka being then and there under the influence of intoxicating liquor, and further deponent says not; contrary to the form of the ordinance, in such cases made and provided.

(Signed) George Clark Det.

Sworn to and subscribed before me, this 25th day of June, 1931.

(Signed) H. H. Burton, Prosecuting Attorney, the Municipal Court of Cleveland.

(Signed) Wm. Hoffman, Deputy Clerk of the Municipal Court of Cleveland."

will show that there is but one offense charged in it, and that was careless driving, careless both in the manner in which he drove his automobile and in the fact that he was drunk while driving it. Of course, he could have been arrested for driving while intoxicated, but that is careless driving, and he was not arrested for driving while intoxicated, but only for careless driving, and the affidavit describes the manner in which he was carelessly driving, and that he was intoxicated. So there were not two offenses between which the court could make the city elect, there having been but one offense charged in the affidavit.

It is claimed likewise that no damage was done. It does not make any difference whether any damage was done or not. The careless driving is the gist of the offense, but this record, if it is to be believed shows damage was done, the plaintiff in error having driven his car in such a manner that it struck from behind the radio cruiser driven by the policemen and immediately thereafter struck a trolley pole.

We think that we have covered all the claims of error, and we cannot help but come to the conclusion that the court was right in finding plaintiff in error guilty of the offense charged in the affidavit and that inasmuch as it all happened within the jurisdiction of the court in. the city of Cleveland, we cannot do other than to affirm the judgment.

Judgment affirmed.

LEVINE, PJ and WEYGANDT, J, concur.